**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 18, 2011

No. 11-10492
Summary Calendar

Lyle W. Cayce
Clerk

P. Chyba

Plaintiff-Appellant

v.

EMC Mortgage Corporation

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-123

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

The pro se appellant challenges the district court's dismissal of his suit, without prejudice, as time barred and for failure to state a claim. For the reasons given below, we affirm.

In 2005, Plaintiff took out four loans to purchase two properties in Texas. Plaintiff is apparently now delinquent on his payments and at risk of foreclosure. He filed suit against the present servicer of his loan, the Defendant-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10492

Appellee, on at least twelve distinct claims.  He also asserted a right to collect against at least eight other defendants–including "Lender(s)", "Attorney(s)", "Broker(s)", etc.–though he did not name them in the caption of the suit and did not serve them with process.

Most of Plaintiff's claims allege fraud and malfeasance in obtaining his home loan, including statutory claims under the Truth in Lending Act, 15 U.S.C. § 1640(e), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 *et seq*.  Appellee was apparently not involved in the loan origination process–it does not make loans and only services the loan on behalf of the present loan owner, who apparently purchased it from the initial originator.  Appellant alleged no specific claims of wrongdoing on the part of Defendant.  Many of Plaintiff's claims are simply nonsensical, claiming, for instance, that Defendant "lacks agency" to service his loans because "the alleged assignment of standing to enforce the notes to Current Servicer is a fraud on the court as said instrument fails to identify the real party in interest and does not contain evidence, affirmed and verified by the current principal on the notes granting agency to Current Servicer," (R. 17).  Likewise, Plaintiff alleged that Defendant is somehow liable because his original lender "gave *partial disclosure* to Plaintiff concerning the value of the properties, and the condition of the real estate market[,] [but] failed to give *full disclosure* to Plaintiff concerning the true value of the properties, the then current risks and trends of the real estate market toward market instability, and the then current credit available to Plaintiff."  (R. 9) (emphasis in original).

Defendant filed for dismissal under Rule 12(b)(6), or in the alternative for a more definite statement under Rule 12(e).  Plaintiff did not respond to the motion.  The district court held a status conference the day before it granted the motion.  The district court then granted the motion because Plaintiff's statutory claims were well past their 1 or 3 year limitation periods; Plaintiff obtained his

No. 11-10492

loans in 2005 and alleged no facts supporting an equitable tolling argument. The district court also found the claims of fraud were not pled with sufficient particularity under Rules 8 and 9. Finally, it found Plaintiff's vague allegations of malfeasance by a global group of unspecified "defendants"–without alleging any particular acts by the present Defendant–provided an additional reason to dismiss the suit.

Importantly, Defendant filed no counterclaim, and Plaintiff's claims were dismissed without prejudice. Thus, to the extent that Plaintiff has valid claims that cannot be garnered from his complaint but which should, for instance, prevent a foreclosure, the district court's order does not preclude Plaintiff from raising those issues in a future proceeding.

For these reasons, and for the reasons given by the district court in its careful order of April 15, 2011, we affirm.

AFFIRMED